UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

CASE NO.:  6:21-cv-06430

STEVEN LAMONT MARKOS,

       Plaintiff,

v.

IPAD REHAB, LLC,

       Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant IPAD REHAB, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship in his Work.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant IPAD REHAB, LLC ("Rehab") is a company in New York that provides repair services for smartphones and tables.

4. Markos alleges that Rehab copied Markos' copyrighted Work from the internet in order to advertise, market and promote its business activities. Rehab committed the violations alleged in connection with Rehab's business for purposes of advertising and promoting sales to the public in the course and scope of the Rehab's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in New York.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. iPad Rehab, LLC is a New York Limited Liability Company, with its principal place of business at 4 N Main Street, Honeoye Falls, NY 14472, and can be served by serving its Registered Agent, DOS Process, c/o iPad rehab, LLC, 11 Fountainableu Drive, Mendon, NY 14506.

10. Upon information and belief iPad operates and controls YOUtube.com channel titled "iPad Rehab."

## THE COPYRIGHTED WORK AT ISSUE

11. In 2018, Markos created the photograph entitled Boston-093, which is shown below and referred to herein as the "Work". At the time Markos created the Work, Markos

applied copyright management information to the Work consisting of "© 2018 STEVEN L MARKOS."



13. Markos registered the Work with the Register of Copyrights on July 4, 2018 and was assigned the registration number VA 2-120-749. The Certificate of Registration is attached hereto as Exhibit 1.

14. Markos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

15. At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

16. Rehab has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Rehab copied the Work.

18. On or about January 17, 2020, Markos discovered the unauthorized use on Rehab's Youtube channel webpage on YouTube found at: https://www.youtube.com/c/Mendonipadrehab/videos formerly listed as https://www.youtube.com/channel/UCPjp41qeXe1o_lpUS9TpWA/videos (collectively known as "Website"). The preview panels for the different videos uploaded on the Website showed the Work.

19. Rehab committed copyright infringement by using the Work as the cover image for at least four (4) of Rehab's videos on its YouTube Channel, as evidenced by the documents attached hereto as Exhibit 2.

20. Rehab copied Markos' copyrighted Work without Markos' permission.

21. After Rehab copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services through its media content on their Website.

22. Rehab copied and distributed Markos' copyrighted Work in connection with Rehab's business for purposes of advertising and promoting Rehab's business, and in the course and scope of advertising and selling products and services.

23. Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

24. Markos never gave Rehab permission or authority to copy, distribute or display the Work at issue in this case.

25. Markos notified Rehab of the allegations set forth herein on June 19, 2020 and July 31, 2020. To date, the parties have failed to resolve this matter. Copies of the Notices to Rehab are attached hereto as Exhibit 3.

26. When Rehab copied and displayed the Work at issue in this case, Rehab removed Markos' copyright management information from the Work.

27. Markos never gave Rehab permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Markos owns a valid copyright in the Work at issue in this case.

30. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Rehab copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

32. Rehab performed the acts alleged in the course and scope of its business activities.

33. Rehab's acts were willful.

34. Markos has been damaged.

35. The harm caused to Markos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work at issue in this case contains copyright management information ("CMI").

38. Rehab knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39. Rehab committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

40. Rehab caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

41. Markos has been damaged.

42. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff Steven LaMont Markos prays for judgment against the Defendant iPad Rehab, LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff his actual damages and Rehab's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 4, 2021                     Respectfully submitted,

/s/ Joseph A. Dunne
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Steven LaMont Markos*